**ATHENS COMMUNITY HOSPITAL, INC., et al., Plaintiffs,**

**v.**

**Richard S. SCHWEIKER,\* Defendant.**

**HOSPITAL CORPORATION OF AMERICA, Plaintiff,**

**v.**

**Richard S. SCHWEIKER, et al., Defendants.**

**Civ. A. Nos. 79–0616, 80–1553.**

United States District Court, District of Columbia.

May 29, 1981.

James C. Pyles, Robert A. Klein, Weissburg & Aronson, Inc., Washington, D. C., Karl L. Ecker, Robert O. Johnston, Shulman, Rogers, Gandel & Tobin, P.A., Silver Spring, Md., for plaintiffs.

Edith S. Marshall, Washington, D. C., for defendant.

MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Pending before the Court are the parties' cross-motions for summary judgment in Civil Action No. 79-0616. Plaintiffs are subsidiaries of the Hospital Corporation of America ("HCA"),[1] a Tennessee corpora-

---

\* Substituted for Joseph A. Califano pursuant to Fed.R.Civ.P. 25(d)(1).

1. Civil Action No. 80–1553 was originally brought by HCA in the Middle District of Tennessee on February 23, 1979 against the Secre-

tion, operating in eleven states as providers of hospital services. The plaintiff hospitals participate in the Medicare program, codified at 42 U.S.C. § 1395 *et seq.*, which offers elderly and disabled Americans free hospital and ancillary services, *see id.* §§ 1395d–1395f, and the option of low cost supplemental services such as physician visits if a monthly premium is paid, *see id.* §§ 1395j–1395s. Under Medicare, a provider of services is often reimbursed through a fiscal intermediary, such as Blue Cross, for its costs in offering free hospital and other services or its expenses in participating in the supplemental program.

Defendant initially filed a motion to dismiss for lack of subject matter jurisdiction or in the alternative, for summary judgment. In its reply memorandum, however, the defendants withdrew the motion to dismiss on the grounds that "recent formulations of agency policy" provided that district courts had jurisdiction in actions where providers challenge a decision of the Provider Reimbursement Review Board ("PRRB"), the arm of the Medicare program that attempts to resolve disputes between providers and fiscal intermediaries. *See Cleveland Memorial Hospital, Inc. v. Califano,* 444 F.Supp. 125 (E.D.N.C.1978), aff'd, 594 F.2d 993 (4th Cir. 1979). Indeed,

under 42 U.S.C. § 1395*oo*(f)(1),[2] subject matter jurisdiction vests over this action.[3]

To effectuate the Medicare program of reimbursing the providers of services through the fiscal intermediaries, government regulations require providers to file an annual cost report which sets forth the providers' expenses. In cases such as the instant ones where numerous providers belong to a single corporation, as the plaintiff hospitals are subsidiaries of HCA, the providers are reimbursed for costs incurred in operating the "home office." The providers may seek to amend their previously submitted cost reports to reflect some change in the calculation of expenses, *see* 42 U.S.C. § 1395x(v)(1)(A). In these cases, the gravamen of plaintiffs' complaints revolves around the refusal of the fiscal intermediary to supplement a cost report to reflect additional expenses for which the providers were seeking reimbursement and the decision of the PRRB that it lacked jurisdiction to review the intermediary's refusal to allow supplementation of the cost report.

During 1973 and 1974, HCA incurred costs in paying federal income tax assessments and in funding its employee stock option program, and pursuant to Medicare guidelines, HCA allocated these expenses to the plaintiff hospitals. In filing their cost reports for 1973 and 1974, the plaintiff hospitals did not seek to be reimbursed for the

---

tary of the then Department of Health, Education & Welfare and Blue Cross/Blue Shield of Tennessee, a fiscal intermediary in the Medicare program with the power to contract with the Secretary concerning proper reimbursement of costs accrued by hospitals and other providers in performing services under the program. On June 24, 1980, that case was transferred to the United States District Court for the District of Columbia. The action concerns precisely the same facts as are at issue in Civil Action No. 79–0616 and accordingly, the actions will be consolidated pursuant to Fed.R. Civ.P. 42(a).

**2.** The section provides,

A decision of the [Provider Reimbursement Review] Board shall be final unless the

Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board .... Such action shall be brought in the district court of the United States for the judicial district in which the provider is located or in the District Court for the District of Columbia .... 42 U.S.C. § 1395*oo*(f)(1).

**3.** For a discussion of subject matter jurisdiction over providers' appeals, see Note, *Federal Question Jurisdiction over Medicare Provider Appeals after Weinberger v. Salfi: Toward a Principled Construction of the Statutory Bar,* 65 Va.L.Rev. 1383 (1979).

amount of federal income taxes actually paid or the costs of the employee stock option plan charged to them by HCA. After receiving notification of the audit on their 1973 filing, HCA on March 26, 1978 requested that the fiscal intermediary re-open the 1973 and 1974 cost reports to permit HCA to seek reimbursement for the stock option and tax expenses. The intermediary on June 30, 1978 notified HCA of its refusal to open the home office cost statements and permit HCA to claim the omitted costs. This determination, entitled "Notice of Refusal to Reopen," contains an extensive analysis of the issues presented by the claim of reimbursement for the stock option plan and income taxes. See Pl. Exhibit A.

Plaintiffs requested a hearing on the intermediary's action with the PRRB on September 27, 1978. By letter dated December 22, 1978, the PRRB declined to review the intermediary's decision not to reopen the home office cost statement. The PRRB denied plaintiffs' request for a hearing on the ground that it had no jurisdiction over the intermediary's action because the intermediary merely refused to reopen the cost reports, and did not make any adjustments or amendments on the reports. Plaintiffs contend that this refusal to exercise jurisdiction violates applicable statutes and regulations as well as one fundamental policy of the Medicare Act, that is, to reimburse providers for their expenses.

Some background as to the statutes and regulations affecting the instant controversy is important to a full understanding of the issues presented. The jurisdiction of the PRRB is established by 42 U.S.C. § 1395 oo, which states, in pertinent part:

(a) Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by [the PRRB] . . . if

(1) such provider—

(A) is dissatisfied with a final determination of the . . . fiscal intermediary . . . as to amount of total program reimbursement due the provider for the items and services furnished to individuals . . . .

. . . .

(d) . . . The Board shall have the power to affirm, modify, or reverse a final determination of the fiscal intermediary with respect to a cost report and to make any other revisions on matters covered by such cost report (including revisions adverse to the provider of services) even though such matters were not considered by the intermediary in making such final determination.

Id.[4]

Regulations establish the procedures for reopening a determination or decision. 42 C.F.R. § 405.1885 provides:

(a) A determination of an intermediary . . . may be reopened with respect to *findings on matters at issue* in such determination or decision, by such intermediary . . . motion of such intermediary . . . or on the motion of the provider affected by such determination or decision to revise any matter in issue at any such proceeding.

. . . .

(c) Jurisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision.

Id. (emphasis added.)[5]

The plaintiffs argue that the intermediary's decision not to reopen is not a "finding

---

4. § 1395oo also contains a statute of limitations (180 days from the date of the final determination by the intermediary) and an amount in controversy requirement in order for the PRRB to exercise jurisdiction. It is not contested that these two procedural pre-requisites have been satisfied.

5. Congress mandated that the Secretary promulgate regulations allowing "the making

of suitable retroactive corrective adjustments where, for a provider of services for any fiscal period, the aggregate reimbursement produced by the methods of determining costs proves to be inadequate or excessive." 42 U.S.C. § 1395x(v)(1)(A).

Research discloses no regulations, other than those at 42 C.F.R. §§ 405.1885–1890, concerning the making of corrections on prior decisions.

on a matter at issue" because the question of reimbursement for stock option plan and income tax expenses was never presented initially to the intermediary for resolution. Under plaintiffs' view, the submission of the issue to the intermediary was for an initial decision, not an attempt to alter a prior action. Rejecting this approach as too narrow, the government maintains that the "matter in issue" clause is read generally to encompass the entire 1973 and 1974 cost audits, and that the providers were seeking to reopen the prior findings as to the amount of total reimbursement. Pursuant to sub-section (c), under the government's view, only the intermediary had jurisdiction to consider the request and the PRRB was without authority to review the decision. The question presented then is whether the action by the intermediary was a refusal to reopen a previously decided matter or a rejection of a cost claim at the initial stage.

It is necessary to forge deeper into the administration of the Medicare program to reach an equitable resolution of this dispute. The decision of an intermediary on whether to reopen a prior matter is governed by the Health Insurance Manual, Part 2, published by the Health Care Financing Administration. In section 2631, the Manual defines "reopening" as "an affirmative action taken by an intermediary, an intermediary hearing officer, the PRRB, the Social Security Administration, or the Secretary, to reexamine or question the correctness of a determination of decision otherwise final." The Manual offers the example of a provider submitting an amended cost report as a request to reopen.

In contrast to "reopen," the Manual defines a "correction" to include "a revision (adjustment) in an intermediary's reasonable cost determination or intermediary hearing officer decision, Board hearing decision, or Secretary decision, otherwise final, which is made after a proper reopening." The mode of correction is left to the discretion of the intermediary, e. g., it may itself make the adjustment of a report or it may require the provider to file an amended cost report.

The intermediary's decision as to whether or not to reopen a decision is governed by Section 2631.2 of the Manual:

Whether or not the intermediary will reopen a determination, otherwise final, will depend upon whether new and material evidence has been submitted, or a clear and obvious error was made, or the determination is found to be inconsistent with the law, regulations and rulings, or general instructions. Information submitted in support of an amended cost report or the audit findings on a previously unaudited cost report would provide new and material evidence on which to base a reopening.

42 C.F.R. § 405.1889 provides that only where there has been a revision after a proper reopening is there a right to appeal to the PRRB; in other words, a decision not to reopen or a decision not to correct after reopening is non-reviewable.

The government contends that the non-reviewability of the intermediary's action in this case is predicated on a jurisdictional requirement governing the submission of cost reports. 42 C.F.R. § 405.453(f)(2) requires that cost reports be filed on or before the last day of the third month following the close of the period of the report. Because the costs for taxes and the stock option plan were allegedly not filed timely with the intermediary, the defendant maintains that the intermediary had complete discretion to reject the plaintiffs' claims. The government ignores, however, the actual contents of the Notice of the Refusal to Reopen. The intermediary nowhere mentioned that the cost reports were filed late, clearly waiving by silent acquiescence any objection to timeliness; rather, the intermediary focused exclusively on the merits of the plaintiffs' claim in concluding that they were not entitled to reimbursement. *See* Pl. Exhibit A.

In so acting, the intermediary reached a final determination concerning two particular cost elements, taxes and stock option plans. Plaintiffs were not seeking a reversal of previously decided intermediary policy as applied to their reports; rather, they

were raising a new issue and the intermediary addressed it on the merits. In such an instance, the intermediary's decision is reviewable as a final determination pursuant to 42 U.S.C. § 1395oo(a) and (d). The regulations vest complete discretion with the intermediary concerning an attempt by a provider to "take a second bite at the apple." If the intermediary refuses to change its mind, then that decision is non-reviewable. But where the intermediary is presented with a new question, whether it is within a "request to reopen" or in a newly submitted cost report, Congress clearly requires that the PRRB have jurisdiction to oversee and resolve the dispute between the intermediary and the provider. In reaching the merits of plaintiffs' claim, the intermediary held that certain costs were not reimbursable, not that its prior decision not to reimburse was unalterable. The plaintiffs' request, however characterized, was not for "an affirmative action . . . to reexamine or question the correctness of a determination or decision otherwise final." No decision had been made until the plaintiffs' claims were submitted, that they would not be entitled to reimbursement for taxes paid and stock option plan expenses.

A request to reopen might well be considered analogous to a motion under Fed.R. Civ.P. 60(b) for relief from judgment. That Rule provides that the court may relieve a party from a final judgment or order for reasons of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment.

Comparing this language to the grounds available to a provider to seek a reopening of a prior decision, see page 6 supra,

§ 2631.2 of the HIM Manual, the two procedures appear generously alike. In the instant controversy, however, no reasons could surface to render incorrect an earlier decision because there had been no prior determination that HCA could not be reimbursed for stock option plan expenses and federal income taxes paid. Had the intermediary's judgment been rendered instead by a court, a Rule 60(b) motion would have been valueless and inappropriate because no prior judgment existed on the matter of reimbursement for the additional expenses.

A decision for the plaintiffs is not inconsistent with § 2631.2 of the HIM Manual,[6] which provides the grounds for a decision to reopen, requiring the submission of new evidence, a showing that error was made, or a demonstration of prior inconsistent decisions. A request to add reimbursement for expenses not previously claimed could not possibly be based on "new" evidence or prior error. § 2631.2 contemplates that an intermediary has made a specific finding and that some reason exists to alter that finding. No initial finding exists in the present case prior to the request to reopen.

The regulations in issue here are subject to different interpretations, but the result reached comports with fairness and due process. To hold that the PRRB lacked jurisdiction over an initial determination of an intermediary, whether it is in the context of a request to reopen or not, would be to deprive the provider of the right of review granted by Congress when it created the PRRB. In the already complicated maze of Medicare regulations and guidelines, an interpretation that permitted the PRRB to exercise jurisdiction over a request such as the one present in the unique circumstances of these cases would avoid leaving the provider in a "Catch 22" situation and provide the appropriate review. Although nonreviewability promotes efficiency as well as repose, in that matters reach a final resolution, those concerns are outweighed by Congress' intent that provid-

---

6. See p. 6, supra.

ers have a forum to dispute an intermediary's final decision.[7]

Accordingly, it is this 29th day of May, 1981

ORDERED that these two actions are consolidated pursuant to Fed.R.Civ.P. 42(a), and it is

FURTHER ORDERED that plaintiffs' motion for summary judgment be and it hereby is granted.

---

7. Throughout the record and this opinion, the intermediary's decision has been referred to as a determination not to reopen. Whether the decision is so characterized is not important to the result reached herein, that plaintiffs are entitled to PRRB review of the intermediary's first and only final finding. By whatever name it is called, the intermediary's action in the instant cases is reviewable.