786 F.2d 848
 13 Soc.Sec.Rep.Ser. 152, Medicare&Medicaid Gu 35,340
ST. JOSEPH'S HOSPITAL OF KANSAS CITY and Methodist Medical
Center, Appellants,
v.
Margaret M. HECKLER, Secretary, Health and Human Services,
and Paul Ganeles, Chairman, Provider Reimbursement
Review Board, Appellees.
 No. 84-2614.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 9, 1985.
Decided March 19, 1986.
Rehearing and Rehearing En Banc Denied June 5, 1986.
 
 Myra C. Selby, Indianapolis, Ind., for appellants.
 Donald G. Kosin, Jr., Washington, D.C., for appellees.
 Before HEANEY, JOHN R. GIBSON, and FAGG, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 St. Joseph's Hospital of Kansas City and Methodist Medical Center (collectively Hospitals) appeal the dismissal of their civil action brought under the Medicare Act, 42 U.S.C. Sec. 1395 et seq. The district court dismissed the action after concluding it was without subject matter jurisdiction to address the issues presented. We agree and affirm.
 
 
 2
 The Medicare Act (Act) was adopted by Congress to ensure that a wide range of health care services are readily available to qualified elderly and disabled persons. Id. The services authorized by the Act are performed by participating health care providers, two of which are the Hospitals involved in the present action.
 
 
 3
 When a provider performs authorized health care services, it is entitled to be reimbursed for the care provided. See id. Secs. 1395x(u), 1395f. In seeking reimbursement, a provider may choose to receive payments through either a public or a private agency. Id. Sec. 1395h. If, as here, the provider selects a private agency, that agency acts as the fiscal intermediary for the Secretary of Health and Human Services (Secretary), id., and is initially responsible for reviewing any claims submitted by the provider. 42 C.F.R. Sec. 405.406.
 
 
 4
 After reviewing the claims submitted by a provider, the fiscal intermediary issues a notice of reimbursement detailing those costs that will be allowed by the intermediary. Id. Sec. 405.1803. If a provider is dissatisfied with this determination, it is entitled to request a hearing before the fiscal intermediary. Id. Sec. 405.1807.
 
 
 5
 When a hearing has been requested, the decision of the intermediary made after that hearing is, subject to revision, its final determination. Id. Secs. 405.1833, 405.1885. If a provider is satisfied with the intermediary's initial determination or for some other reason declines to request a hearing, that decision, contained in the intermediary's notice of reimbursement, also becomes its final determination. Id. Sec. 405.1807.
 
 
 6
 After the decision of the fiscal intermediary becomes final, a provider may seek further review before the Provider Review Reimbursement Board (PRRB or Board). 42 U.S.C. Sec. 1395oo. However, a provider's right to seek further review is strictly limited. Review may be obtained only if the provider first satisfies four threshold requirements: (1) the provider must file a timely cost report with the fiscal intermediary; (2) the provider must be dissatisfied with the fiscal intermediary's final determination; (3) the amount in controversy must be $10,000 or more; and (4) the appeal to the Board must be filed within 180 days of notice of the intermediary's final determination. 42 U.S.C. Sec. 1395oo(a); see also Athens Community Hospital v. Schweiker, 686 F.2d 989, 991 (D.C.Cir.1982).
 
 
 7
 In this case, the Hospitals acknowledge that they have not complied with and in fact cannot comply with one of the four requirements of section 1395oo(a). Specifically, before both the Board and this court, the Hospitals admit their request for a hearing was not filed within 180 days of the intermediary's final determination as expressly required by section 1395oo(a)(3).
 
 
 8
 Nevertheless, relying solely on a regulation promulgated by the Secretary that purports to authorize the Board to extend the 180 day time limit "for good cause shown," 42 C.F.R. Sec. 405.1841(b), the Hospitals asked the Board to waive the congressionally proscribed time limit and take jurisdiction over their admittedly untimely appeals. The PRRB refused the Hospitals' request for hearings on two independent grounds. First, the statutorily mandated requirement of a timely request was not complied with by the providers. See 42 U.S.C. Sec. 1395oo(a)(3). Second, the Hospitals had failed to demonstrate good cause for their late filing as required by the Secretary's regulation. See 42 C.F.R. Sec. 405.1841(b).
 
 
 9
 Following the Board's refusal, the Hospitals instituted this action. While never challenging the propriety of the Board's first basis for refusing their request, the Hospitals asserted that the PRRB's refusal to grant them a good cause extension under section 405.1841(b) was arbitrary and capricious and denied them due process of law.
 
 
 10
 In response, the Secretary filed a motion to dismiss the Hospitals' claims for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1). The district court granted the Secretary's motion holding that 42 U.S.C. Sec. 1395oo(f), the statutory provision asserted by the Hospitals as a basis for this court's jurisdiction, requires a "final decision" by the Board as a prerequisite to its subject matter jurisdiction. The district court further held that the Board's refusal to grant the Hospitals an extension of time in which to file an appeal was not a "final decision" for purposes of judicial review. We agree.
 
 
 11
 Title 42 U.S.C. Sec. 1395ii, which incorporates section 205(h) of the Social Security Act into the Medicare Act, makes clear that this court's jurisdiction to review claims arising under the Medicare Act exists only as expressly specified in the Act itself. Id. Secs. 1395ii, 405(h); see Heckler v. Ringer, 466 U.S. 602, 104 S.Ct. 2013, 2021-22, 80 L.Ed.2d 622 (1984); Saline Community Hospital v. Secretary of Health and Human Services, 744 F.2d 517, 519 (6th Cir.1984) (per curiam); Hadley Memorial Hospital v. Schweiker, 689 F.2d 905, 909 (10th Cir.1982); Athens, 686 F.2d at 992-93; Pacific Coast Medical Enterprises v. Harris, 633 F.2d 123, 137-38 (9th Cir.1980); Cleveland Memorial Hospital v. Califano, 444 F.Supp. 125, 127 (E.D.N.C.1978), aff'd, 594 F.2d 993 (4th Cir.1979).
 
 
 12
 Under the Medicare Act, the sole route for a provider to obtain judicial review of disputed reimbursement claims is found in section 1395oo(f)(1) of the Act. This provision states that "[p]roviders shall have the right to obtain judicial review of any final decision of the Board * * *." 42 U.S.C. Sec. 1395oo(f)(1) (emphasis added); see also Saline, 744 F.2d at 519; Hadley, 689 F.2d at 909; Pacific Coast, 633 F.2d at 138; Cleveland, 444 F.Supp. at 127. Thus, the issue before this court is whether the Board's decision not to grant the Hospitals an extension under 42 C.F.R. Sec. 405.1841(b) for the filing of their appeals is a final decision subject to judicial review under section 1395oo(f)(1).
 
 
 13
 Although the Board's decision not to hear the Hospitals' untimely appeals clearly ended the administrative process, it does not necessarily follow that the decision was a "final decision" for purposes of judicial review under section 1395oo. As the Supreme Court has aptly stated in the social security context, "[t]he requirement [of a final decision] is * * * something more than simply a codification of the judicially developed doctrine of exhaustion * * *." Weinberger v. Salfi, 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed.2d 522 (1975); see also Sheehan v. Secretary of Health, Education & Welfare, 593 F.2d 323, 325 (8th Cir.1979) ("[T]he presence of a final decision is not only essential to determine when judicial intervention is proper but also to determine whether it is possible."). Consequently, if the PRRB has made a final decision, we may address the issues presented; otherwise we may not. McKeesport v. Heckler, 612 F.Supp. 279, 282 (W.D.Pa.1985). And, whether a final decision is before the court depends on the particular circumstances of the case before it.
 
 
 14
 For example, if a provider has complied with the threshold requirements of section 1395oo(a), the PRRB is then authorized to conduct a hearing on the provider's claim. After the hearing, the Board will render a decision on the merits of the controversy. Without question, that decision is a final decision subject to judicial review under section 1395oo(f). An appeal from this type of decision is not before the court in this instance.
 
 
 15
 A second type of final decision also not before this court occurs when a provider challenges the Board's determination that it has failed to satisfy the threshold requirements of section 1395oo(a). In that case, because "[t]he PRRB is empowered to decide questions relating to its own jurisdiction to grant a hearing, including issues of timeliness and amount of controversy," Highland District Hospital v. Secretary of Health and Human Services, 676 F.2d 230, 235 (6th Cir.1982); 42 C.F.R. Sec. 405.1873(a), a decision rejecting a claim for failure to fulfill a threshold requirement must be a final decision for purposes of judicial review. "Otherwise, the PRRB could effectively preclude any judicial review of its decisions simply by denying jurisdiction of those claims that it deems to be non-meritorious. Such a device would obviously thwart the salutory purposes of Section 1395oo(f)." See Saline, 744 F.2d at 520 (quoting Cleveland, 444 F.Supp. at 128); see also Athens, 686 F.2d at 993-94; Highland, 676 F.2d at 233-35.
 
 
 16
 A third distinct situation is presented in this case. The Hospitals admit they have not complied with the clear requirements of section 1395oo(a). Specifically, they have not complied with the mandatory requirement of section 1395oo(a) which unambiguously specifies that a provider "may obtain a hearing" on its claim "if * * * a request for a hearing [is filed] within 180 days * * * of the intermediary's final determination." 42 U.S.C. Sec. 1395oo(a)(3). The imperative nature of this provision is underscored by the legislative history of the Medicare Act which states:
 
 
 17
 Any provider of services which has filed a timely cost report may appeal an adverse final decision of the fiscal intermediary with respect to the period covered by such a report to the Board where the amount in controversy is $10,000 or more. The appeal must be filed within 180 days after notice of the fiscal intermediary's final determination.
 
 
 18
 H.R.Rep. No. 231, 92d Cong., 2d Sess., reprinted in 1972 U.S.Code Cong. & Ad.News 4989, 5094 (1972) (emphasis added). Clearly, had Congress intended the 180 day limitation of section 1395oo(a)(3) to be less than mandatory, it could have easily provided that a request for a hearing be filed "within days * * * or within such further time as the Secretary may allow" as it did when defining this court's jurisdiction to review social security disability claims. See 42 U.S.C. Sec. 405(g).
 
 
 19
 Because section 1395oo(a) specifically defines those situations in which a provider may seek review, it also necessarily defines those situations in which the Board will have jurisdiction to review a claim. See Highland, 676 F.2d at 235. Thus, in this case, because the Hospitals have not complied with and cannot comply with the jurisdictional requirements of section 1395oo(a) and have no right to seek Board review, the Board itself is without jurisdiction to address the Hospitals' claims. Because a judicially cognizable final decision necessarily presupposes that the challenged decision is within the agency's congressionally defined jurisdiction, no judicially cognizable final decision reviewable by this court can exist in this case.
 
 
 20
 In adopting the Medicare Act, Congress imposed strict limits on judicial review of provider medicare reimbursement claims. "Congress' determination so to limit judicial review is a policy choice * * *. Our duty, of course, is to respect that choice." Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).
 
 
 21
 With one exception, courts that have in some way considered the effect of a late filed appeal have concluded that the Board's decision not to hear such an appeal is not a final decision. In John Muir Memorial Hospital v. Califano, 457 F.Supp. 848 (N.D.Cal.1978), a provider filed a request with the PRRB to reopen a prior claim. The PRRB refused to hear the claim for three distinct reasons, one of which was that the appeal was untimely. Id. at 851.
 
 
 22
 The district court, in part because the provider failed to file a timely request for a hearing, concluded it had no jurisdiction to review the Board's refusal to assert jurisdiction. "The PRRB can render a final decision only if the provider has requested a hearing before it within 180 days after receiving notice of the fiscal intermediary's final determination." Id. at 853. The Sixth Circuit and the District of Columbia Circuit, while not specifically faced with the issue of whether the Board's refusal to hear an untimely appeal is a final decision, have endorsed the decision in John Muir. Saline, 744 F.2d at 520 n. 4; Athens, 686 F.2d at 993-94 & n. 4.
 
 
 23
 Only one court faced with an issue similar to the one presented in this case has reached a contrary result. In Beth Israel Hospital v. Heckler, a district court was called upon to decide whether it had jurisdiction to review the Secretary's decision that the provider had shown no "good cause" for its failure to file a timely request for a hearing. Medicare & Medicaid Guide (CCH) p 34,448 (D.Mass. Dec. 19, 1984). The Beth Israel court concluded that the Secretary's refusal to assert jurisdiction was a final decision and thus was reviewable by it. Id. at 9191-93.
 
 
 24
 In reaching this decision, the Beth Israel court relied largely on two cases: Athens Community Hospital v. Schweiker, 686 F.2d 989 (D.C.Cir.1982), and Cleveland Memorial Hospital v. Califano, 444 F.Supp. 125 (E.D.N.C.1978), aff'd, 594 F.2d 993 (4th Cir.1979). The Beth Israel court's reliance on these cases is clearly misplaced. In both Athens and Cleveland, a real dispute existed over whether the threshold requirements for PRRB jurisdiction had been met. And, as previously stated, in that type of case, the Board's refusal to accept jurisdiction will constitute a judicially reviewable final decision. See ante at 851; see also Athens, 686 F.2d at 992-94; Cleveland, 444 F.Supp. at 128.
 
 
 25
 However, in sharp contrast with both Athens and Cleveland, in Beth Israel, as here, there was no dispute as to whether the threshold requirement of timely filing had been met. Thus, the issue presented in Beth Israel was significantly different than the issue presented in either Athens or Cleveland. The Beth Israel court's analysis, relying in large part on these materially distinguishable cases, is in our view flawed, and we decline to follow it.
 
 
 26
 In reaching the conclusion that section 1395oo(a) defines the limits of the Board's jurisdiction to render a final decision, we necessarily conclude that the Secretary had no authority to promulgate a regulation that effectively expanded the jurisdiction of the PRRB to entertain untimely appeals. Compare 42 U.S.C. Sec. 1395oo(a) with 42 C.F.R. Sec. 405.1841(b). Congress, not the Secretary, defines the jurisdiction of the Board, and "no * * * regulation issued by an administrative agency can confer * * * any greater authority [on the agency] than it has [been delegated] under statute." Office of Consumers' Counsel v. Federal Energy Regulatory Commission, 655 F.2d 1132, 1149 n. 32 (D.C.Cir.1980). Very simply, "an administrative agency cannot exceed [by regulation] the specific statutory authority granted it by Congress." Atchison, Topeka & Santa Fe Railway v. Interstate Commerce Commission, 607 F.2d 1199, 1203 (7th Cir.1979); see also Citizens State Bank of Marshfield v. FDIC, 751 F.2d 209, 217 (8th Cir.1984). Because the regulation adopted by the Secretary is inconsistent with the authority granted to the Board by Congress in the Medicare Act, it is a mere nullity and cannot stand. See Ernst & Ernst v. Hochfelder, 425 U.S. 185, 214, 96 S.Ct. 1375, 1391, 47 L.Ed.2d 668 (1976); Dixon v. United States, 381 U.S. 68, 74, 85 S.Ct. 1301, 1305, 14 L.Ed.2d 223 (1965); see also Columbia Manufacturing Corp. v. National Labor Relations Board, 715 F.2d 1409, 1410 (9th Cir.1983) (per curiam); cf. Mohasco Corp. v. Silver, 447 U.S. 807, 825-26, 100 S.Ct. 2486, 2496-97, 65 L.Ed.2d 532 (1980).
 
 
 27
 The Hospitals contend that the district court committed error by not addressing their claim that the Board deprived them of due process when it denied them a hearing on the issue of good cause. We disagree. Because the regulation relied on by the Hospitals as a basis for their due process claims is void and of no force or effect, they necessarily have no right to a hearing under it.
 
 
 28
 We conclude the 180 day time period for filing claims with the Board is a jurisdictional prerequisite to the Board's authority to review a claim. Because the Board had no authority to address the Hospitals' claims, no judicially reviewable final decision could be rendered by it.
 
 
 29
 The decision of the district court dismissing the Hospitals' complaint is affirmed.
 
 
 30
 HEANEY, Circuit Judge, dissenting.
 
 
 31
 I respectfully dissent. I cannot agree that the Secretary was without the authority to promulgate 42 C.F.R. Sec. 405.1841(b).
 
 
 32
 While an administrative agency cannot, by regulation, expand its statutorily granted powers, there is no reason why it cannot adopt a rule which permits it to waive filing deadlines. The purpose behind the 180-day filing deadline is to prevent the administrative agency from being inundated with interminable claims. Clearly a rule which demonstrates the agency's willingness to exercise its discretion over late claims does not circumvent or override congressional intent and, in my view, the cases cited by the majority do not so hold.
 
 
 33
 We are left then with the question of whether the unexplained decision of the Provider Reimbursement Review Board (PRRB) that there was no just cause for delay is a final decision from which an appeal can be taken. In my view, it is. A decision is final if the effect of it is to determine the rights of one of the parties. The PRRB's decision is dispositive of the Hospitals' rights because they have no other administrative avenue upon which to pursue their appeal. In holding that this "just cause" determination was not a final decision, the district court relied on Sheehan v. Secretary of Health, Education & Welfare, 593 F.2d 323 (8th Cir.1979). Sheehan held that an agency's decision not to extend a filing period was not a final decision and therefore not subject to judicial review. Sheehan, 593 F.2d at 325. Sheehan is distinguishable because it arose within the framework of the social security statute which extends jurisdiction for judicial review only to "final decisions of the Secretary made after a hearing. " 42 U.S.C. Sec. 405(g) (emphasis added). Since section 1395oo(f), unlike the social security statute, does not premise a final decision on the occurrence of a hearing, Sheehan does not control.
 
 
 34
 More to the point is Cleveland Memorial Hospital v. Califano, 444 F.Supp. 125 (E.D.N.C.1978). In that case, plaintiff hospitals sought a group hearing before the PRRB. Their request was denied because the PRRB determined that the hospitals did not meet the $50,000 jurisdictional requirement. The district court determined that a Board decision was final for purposes of judicial review:
 
 
 35
 As to the first contention, it appears clear to the court that the decision by the PRRB denying jurisdiction in the present case was a "final decision." Otherwise, the PRRB could effectively preclude any judicial review of its decisions simply by denying jurisdiction of those claims that it deems to be non-meritorious. Such a device would obviously thwart the salutary purposes of Section 1395oo(f). Also, the court could look, by analogy, to the provisions of 28 U.S.C. Sec. 1291, which grants the Court of Appeals jurisdiction to consider "final decisions" of the district courts. The courts have consistently held that a dismissal for lack of jurisdiction, in the context of Section 1291, is a "final decision." * * *
 
 
 36
 Defendants next contend that even if the decision of the PRRB is otherwise a final decision, it is not a "final decision of the Board made after a hearing." This argument is clearly without merit. The language of 42 U.S.C. Sec. 1395oo(f)(1) sets forth no requirement that a hearing be held before a final decision of the Board can be judicially reviewed.
 
 
 37
 Id. at 128 (citations omitted).
 
 
 38
 The Cleveland Memorial reasoning was accepted and applied in Beth Israel Hospital v. Heckler, Medicare & Medicaid Guide (CCH) Sec. 34,448 (D.Mass., Dec. 19, 1984), a case identical to this one. In my view, the reasoning of Cleveland Memorial and Beth Israel is sound. Thus I would reverse and remand.
 
 
 39
 On remand, the district court should examine the PRRB's action on the basis of whether there was a clear abuse of discretion. In the examination, the following factors would be important: a) the reason for the Hospitals' late filing, b) whether the Secretary will be prejudiced by the late filing, and c) what the PRRB's practice has been with respect to other late filings. The sparse record presented to us reveals that the Hospitals may have had a substantial reason for the late filing--an accountant's error due to a change in personnel. Further, there was no showing as to how the Secretary would have been harmed by accepting the late filing. And, more importantly, there is some indication that the Secretary has not uniformly enforced the rule against late filings.
 
 
 40
 The PRRB clearly has a right to require that applications for benefits be timely filed. It also has a right to excuse late filings for good cause. What it does not have a right to do is to reject late filings where good cause has been shown, and there is evidence that it did so here.