BORGESS MEDICAL CENTER; Holland Community Hospital Authority; Pennock Hospital, Plaintiffs,

v.

Richard S. SCHWEIKER, as Secretary of Health and Human Services; Provider Reimbursement Review Board, Defendants.

No. K81–74 CA.

United States District Court, W.D. Michigan, S.D.

Dec. 8, 1982.

Chris Rossman, Margaret Shannon, Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for plaintiffs.

Jeanne Schulte Scott, Dept. of Health & Human Services, Washington, D.C., for defendants.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This case involves an attempt by three non-profit hospitals to receive Medicare reimbursement for the cost of equity capital. Regulations provide for such reimbursement to proprietary providers, but not to non-profit providers. Presently before the Court are two motions. Defendants have filed a motion to dismiss for lack of subject matter jurisdiction, which they now wish to have considered as an alternative motion for summary judgment, and plaintiffs have filed a motion for summary judgment.

The "Medicare" program, 42 U.S.C. § 1395 *et seq.*, provides for federal reimbursement of the reasonable costs of medical care provided to the elderly. The plaintiffs have chosen to appoint "fiscal intermediaries", typically health insurance companies, to act as agents of the Secretary of Health and Human Services for the purpose of reviewing their reimbursement claims and administering payments due them from the government. The final determination of reimbursable reasonable costs is made by the intermediary on the basis of a provider's year-end cost report. Such reports must be filed within three months of the close of the period covered by the report, although a 30-day extension may be granted for good cause. 42 C.F.R. § 405.-453(f)(2).

Plaintiffs failed to claim a return on equity capital in their original cost reports filed with their fiscal intermediaries for their 1979 fiscal years. More than four months later, they sought to amend their cost reports to include this item, but the intermediaries refused to accept the amended reports. Each intermediary proceeded to determine a final reimbursement amount and issue a Notice of Program Reimbursement (NPR). Plaintiffs then took a group administrative appeal to the Provider Reimbursement Review Board (PRRB), which determined that it lacked jurisdiction to hear the appeal concerning a return on equity capital.

Defendants argue that plaintiffs failed to comply with the prescribed administrative process by not having filed a timely reimbursement claim for a return on equity capital, and that the PRRB correctly decided that it lacked jurisdiction. Plaintiffs disagree, and although they originally sought a remand to the PRRB for a hearing on the merits of their reimbursement claim, they now request such a hearing before this Court.

## I. SUBJECT MATTER JURISDICTION OF THIS COURT

■ The authority for judicial review of PRRB decisions is found in 42 U.S.C. § 1395 *oo* (f)(1), which provides in pertinent part:

Providers shall have the right to obtain judicial review of any final decision of the Board ... by a civil action commenced within 60 days .... Providers shall also have the right to obtain judicial review of any action of the fiscal intermediary which involves a question of law or regulations relevant to the matters in controversy whenever the Board determines ... that it is without authority to decide the question, by a civil action com-

menced within sixty days of the date on which such determination is rendered. There is no dispute that this action was commenced within the sixty-day period. Thus, whether one looks to the first sentence as interpreted in *Athens Community Hospital, Inc. v. Schweiker*, 686 F.2d 989 (D.C.Cir.1982) (PRRB refusal to exercise jurisdiction is a reviewable "final decision"), or to the second sentence which was added by a recent amendment, it is clear that this Court has jurisdiction to review the decision of the PRRB that it lacked jurisdiction to review the actions of the fiscal intermediaries. *See also Highland District Hospital v. Secretary of Health and Human Services*, 676 F.2d 230, 233–34 (6th Cir.1982).

## II. PRRB JURISDICTION

■ Appeals from intermediary decisions to the PRRB are established in 42 U.S.C. § 1395*oo*(a) as follows:

Any provider of services which has filed a required cost report within the time specified in regulations may obtain a hearing with respect to such cost report by a Provider Reimbursement Review Board ... if—

(1) such provider—

(A) is dissatisfied with a final determination of the organization serving as its fiscal intermediary ... as to the amount of total reimbursement due the provider
. . . .

Subsection (b) authorizes group appeals such as the one involved here. In this case the providers "filed the required cost report within the time specified," and were "dissatisfied with a final determination" that failed to include the return on equity capital requested in their amended cost reports.

Amendments are authorized by 42 C.F.R. § 405.453(f), which reads in pertinent part: "Amended cost reports to revise cost report information which has been previously submitted by a provider may be permitted or required as determined by the Health Care Financing Administration." The key provision in this case is found in the Medicare Intermediary Manual, Pt. 2—Part A, § 2631.2A (HIM 13), which states: "A pro-

vider may file or an intermediary may require an amended cost report to ... correct material errors detected subsequent to the filing of the original cost report, ...." Plaintiffs contend that their failure to include a return on equity capital in their original cost reports was a material error of law which justified amendment.

The intermediaries determined that since 42 C.F.R. § 405.429 denies such costs to non-profit providers there was no error, and the amended cost reports were not accepted. On group appeal to the PRRB, it dismissed for lack of jurisdiction on the basis of 42 C.F.R. § 405.1885(c), which states that "jurisdiction for reopening a determination or decision rests exclusively with that administrative body that rendered the last determination or decision."

Plaintiffs assert that they were not requesting a "reopening", but rather review of the intermediaries' denial of their requests to amend their cost reports. Plaintiffs draw a distinction between a reopening and a request to amend prior to issuance of the NPR. The term is defined in the Medicare Intermediary Manual, HIM–13 (Part 2), § 2631, as follows:

For the purposes of this section, the term "reopening" means an affirmative action taken by an intermediary ... to reexamine or question the correctness of a determination or decision otherwise final . . . .

For example, under the provisions of this paragraph, an amended cost report accepted by an intermediary after its issuance of the initial determination of the amount of program reimbursement would be deemed to constitute a request by the provider to reopen an intermediary's determination.

If plaintiffs' November 10, 1980 Request for Hearing submitted to the PRRB had been seeking a reopening, not only would it have been clearly directed to the wrong administrative body, as the PRRB pointed out, but it would have been premature because as to two of the plaintiffs there was no "determination or decision otherwise final," inasmuch as no NPR had been issued by either of their intermediaries.

Defendants rely heavily on the decision in *Athens Community Hospital, Inc. v. Schweiker,* 686 F.2d 989 (D.C.Cir.1982), which held that the PRRB lacked jurisdiction over claims filed approximately four years after the close of the relevant cost reporting periods. Such reliance is misplaced. *Athens* clearly involved a request to reopen after an NPR had been issued. The court there did not have before it the criteria for amendment at issue in this case. *See* 686 F.2d at 994, n. 7.

The Court finds that plaintiffs were requesting PRRB review of the intermediaries' denials of their requests to amend, not reopening. Accordingly, the regulations with respect to reopenings were inapplicable. Since the prerequisites to PRRB review were met, and no meritorious exception to its jurisdiction has been raised, the PRRB should have exercised the jurisdiction given it by Congress to provide administrative review of this dispute between providers and their intermediaries.

## III. THE INTERMEDIARIES' DECISION

An appropriate disposition upon a finding of an incorrect failure to exercise jurisdiction would often be remand. However, several facts militate against that course of action in this case. First, the PRRB is required by 42 C.F.R. § 405.1869 to comply with all laws and regulations which govern Medicare reimbursement. It would thus be required to uphold the regulation prohibiting a return on equity capital for non-profit providers by finding no material error in the cost reports which would have justified amendment—thereby agreeing with the intermediaries' decision in this case. Second, it appears that the Board has in fact recently applied this regulation to consistently deny requests by non-profit providers for a return on equity capital. For example, in PRRB Hearing Dec. No. 81–D62, the Board found as follows:

> The Regulations clearly draw a distinction between proprietary providers and those organized and operated on a nonprofit basis. Accordingly, the Board

finds that the provider in the instant case, a nonprofit organization, is not entitled to a return on equity under the law and regulations.

Plaintiff's Supplemental Memorandum, citing CCH Med. & Med. Guide at 9167. It further appears that the Secretary has not reversed such decisions. Third, the 1980 amendment to § 1395*oo*(f) indicates that the Court may review "any action of the fiscal intermediary which involves a question of law or regulations ... whenever the Board determines ... that it is without authority to decide the question ...." The Court finds that remand to the PRRB in this case would result only in fruitless delay, and proceeds to a review of the intermediaries' decisions.

The scope of review pursuant to 42 U.S.C. § 1395*oo*(f) is detailed in 5 U.S.C. § 706, which directs the reviewing court to set aside agency action, findings, and conclusions which are, among other things, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974).

Plaintiffs challenge the intermediaries' decision on grounds that the Intermediary Manual criteria for allowing amendments have not been properly promulgated as rules, and that the Manual's standard allowing amendment of inadvertent errors was met. However, the provisions of the Manual are interpretive rules of the agency, not subject to the rulemaking procedures of the Administrative Procedures Act. *See* 5 U.S.C. § 553(b)(A); *Columbus Community Hospital, Inc. v. Califano,* 614 F.2d 181 (8th Cir.1980). The provision is authorized by regulation, and plaintiffs point to no statutory or regulatory provision with which it is inconsistent. The Court finds that plaintiffs' argument in this respect lacks merit.

As for plaintiffs' contention that they satisfied the criteria for amendment, the Court finds that the intermediaries' decision was fully in accord with applicable law. Medicare regulations clearly do not allow a return on equity capital for non-profit providers, so there was no material error which

would justify amendment. While plaintiffs clearly wish they had made the claim in a timely fashion for fiscal year 1979 so that they could pursue a challenge to the validity of such provisions, they did not do so here. The Court finds no reason to set aside the decision of the Secretary's agents, the fiscal intermediaries.

The structure of the Medicare reimbursement program clearly envisions that reimbursement claims will be filed and decided without undue delay. The administration of this program involving approximately $59 billion of funds would become an administrative nightmare without adherence to reasonable deadlines for the filing of claims. Plaintiffs will be able to procure a decision on the merits of their claim for a return on equity capital in any year in which they file a timely claim for such reimbursement.

For the reasons stated, summary judgment is granted in favor of defendants.