**SALINE COMMUNITY HOSPITAL AS-SOCIATION, Sinai Hospital of Detroit; W.A. Foote Memorial Hospital, Inc., Plaintiffs-Appellants,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

No. 83–1184.

United States Court of Appeals, Sixth Circuit.

Argued July 9, 1984.

Decided Sept. 19, 1984.

Rehearing Denied Dec. 3, 1984.

William G. Christopher, Chris E. Rossman, David A. Ettinger, argued, Honigman, Miller, Schwartz & Cohn; Detroit, Mich., for plaintiffs-appellants.

Leonard R. Gilman, U.S. Atty., Ellen G. Ritteman, argued, Asst. U.S. Atty., Detroit, Mich., Jeanne Schulte Scott, Washington, D.C., for defendant-appellee.

Before ENGEL and MARTIN, Circuit Judges, and KRENZLER, District Judge.*

PER CURIAM.

Appellants are three nonprofit hospitals to which the Secretary denied Medicare reimbursement for their return on net-invested-equity capital for the 1979 cost reporting year because they did not include a claim for those items in their 1979 cost reports. Subsequently, each hospital attempted to amend its cost report to include such claims. The fiscal intermediary, Blue Cross/Blue Shield of Michigan, refused to accept the amendments. Because the attempted amendments were untimely, on the administrative appeal from the intermediary's action, the Provider Reimbursement Review Board declined to exercise jurisdiction over the intermediary's refusal to allow the amendments. Then, each hospital proceeded to the district court.[1]

The Secretary moved to dismiss for lack of jurisdiction because the hospitals had failed to file timely reimbursement claims. The motion was denied. The case was subsequently transfered to another Judge. The Secretary again urged that the jurisdictional basis for the action was defective. Her motion was again denied and the case was tried. Following the trial, the court determined that the Secretary's decision to exclude return on net-invested equity from reimbursement to nonprofit providers was "consistent with congressional intent and is not arbitrary and capricious nor an abuse of discretion". *Saline Community Hospital Association v. Schweiker*, 554 F.Supp. 1133, 1142 (E.D.Mich.1983). As providers of services under the Medicare act, *see* 42 U.S.C. §§ 1395x(e), (v), 1395cc, appellants are entitled to recover the reasonable costs incurred in furnishing such services to beneficiaries. *See* 42 U.S.C. §§ 1395f(b)(2), 1395x(v)(1). A provider may agree to have this reimbursement process handled by a fiscal intermediary acting as the Secretary's agent. 42 U.S.C. § 1395h.

At the conclusion of the provider's fiscal year, a cost report must be submitted to the fiscal intermediary, which then makes a final determination of the provider's reimbursable costs. 42 U.S.C. §§ 1395f, 1395g; 42 C.F.R. § 405.406(b). The Secretary provides for the cost report filing in 42 C.F.R. § 405.435(f):

(f) *Cost reports.* For cost reporting purposes, the health insurance program requires each provider of services to submit periodic reports of its operations which generally cover a consecutive 12-month period of the provider's operations. Amended cost reports to *revise* cost report information which has been *previously* submitted may be permitted or required as determined by the Health Care Financing Administration.

(emphasis added). By the same regulation, the cost reports are due within ninety days of the close of each fiscal year.

In this case, each appellant attempted to amend the cost report to include an additional amount of reimbursement for a return on equity after the deadline for filing a cost report. Each intermediary auditor rejected the proposed amendments because they did not contain any revision of any of the reimbursable costs contained within the initial submission. The auditors concluded that allowing such an amendment would not "comply with the health insurance policies or regulations", but would be in dero-

---

* Honorable Alvin I. Krenzler, United States District Judge for the Northern District of Ohio, sitting by designation.

1. The Saline and Sinai institutions filed a joint complaint; the subsequent Foote lawsuit was consolidated with the Saline/Sinai action.

gation of those policies.[2] This was a correct decision. The tendered amendments did not "revise" any "previously submitted" matter, but added new material to the cost report. *Cf.* 42 C.F.R. § 405.453(f), *supra.*[3]

The Provider Reimbursement Review Board declined to entertain the appellants' appeals from the fiscal intermediary's refusal to accept the amendments. Essentially, the Board conceived that its jurisdiction was limited to a review of the intermediary's determination on the cost report and any matter not included therein was not an appropriate subject over which to extend Board review. The requirements for administrative review by the Board are contained in 42 U.S.C. § 1395oo (a). As relevant, that enactment dictates that a hearing may be had only with respect to cost reports filed "within the time specified in [the] regulations". There is no dispute that the amendments were tendered subsequent to the time specified by 42 C.F.R. § 405.453(f) for filing cost reports. Accordingly, the Provider Reimbursement Review Board properly refused the requests for hearings.

This conclusion is further supported by 42 U.S.C. § 1395oo (d), which limits the Board's authority to "affirm, modify or reverse ... and to make any other revisions *on matters covered by such cost report* ... even though such matters were not considered by the intermediary in making such final determination". This requires that a provider include disputed issues within the initial cost report and preserves the right of review if the intermediary ignores the claim, or instructs the provider to delete the claim. *See, e.g., St. Mary of Nazareth Hospital Center v. Secretary,* 698 F.2d 1337 (7th Cir.1983). The provider is not entitled to compel the Board to review *new* claims. *Accord Athens Community Hospital v. Schweiker,* 686 F.2d 989, 994–95 (D.C.Cir.1982).

Judicial review of claims arising under the Medicare Act is limited to the jurisdictional requirements contained in 42 U.S.C. § 405(h). Such claims may only be litigated to the extent they follow the statutorily prescribed route. *See, e.g., Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The relevant statutory provision states:

> (1) Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary
> . . . .

42 U.S.C. § 1395oo (f)(1).

■ Because our review is limited to the jurisdictional grant in § 1395oo (f) of the Medicare Act, *see, e.g., United States v. Erika,* 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982); *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Weinberger v. Salfi, supra,* the initial issue is whether the jurisdictional decision by the Provider Reimbursement Review Board, affirmed by the Secretary, was a "final decision" sufficient to support 1395oo (f) jurisdiction. *See Athens Community Hospital v. Schweiker,* 686 F.2d 989, 993 (D.C.Cir.1982); *Cleveland Memorial Hospital v. Califano,* 444 F.Supp. 125

---

**2.** Pursuant to the directive of 42 C.F.R. § 405.-453(f), the Health Care Financing Administration had established guidelines for the amendment process. Thus, § 2631.2A of the *Intermediary Manual* (HIM–13–2), which was provided to and assisted the work of fiscal intermediaries, stated as follows:

> A provider may file or an intermediary may require an amended cost report to:
>  1. correct material errors detected subsequent to the filing of the original cost report,
>  2. comply with the health insurance policies or regulations,
>  3. reflect the settlement of a contested liability.

**3.** After the deadline for filing 1979 cost reports had passed, an administrative review board awarded a return of net-invested-equity capital reimbursement to a group of nonproprietary hospitals which *had* asserted that expense on their (1976) fiscal year cost reports. *Indiana Hospital Ass'n Group Appeal No. 1,* PRRB Decision No. 79–095 (Dec. 17, 1979). It was this decision which encouraged the appellants to attempt an amendment of their cost reports for 1979. The Secretary later reversed the P.R.R.B. opinion.

(E.D.N.C.1978), *aff'd,* 594 F.2d 993 (4th Cir. 1979).

This issue was first addressed in *Cleveland Memorial Hospital v. Califano, supra.* There, the district court rejected the Secretary's challenge to the jurisdiction of the federal courts to review Board denials of jurisdiction:

> It appears clear to the court that the decision by the PRRB denying jurisdiction to the present case was a "final decision". Otherwise, the PRRB could effectively preclude any judicial review of its decisions simply by denying jurisdiction of those claims that it seems to be non-meritorious. Such a device would obviously thwart the salutary purposes of Section 1395*oo* (f). Also, the court could look, by analogy, to the provisions of 28 U.S.C. § 1291, which grants the Court of Appeals jurisdiction to consider "final decisions" of the district courts. The courts have consistently held that a dismissal for lack of jurisdiction, in the context of Section 1291, is a "final decision".

444 F.Supp. at 128. *See also Athens Community Hospital v. Schweiker,* 686 F.2d 989, 993 (D.C.Cir.1982); *Highland District Hospital v. Secretary,* 676 F.2d 230, 233–34 (6th Cir.1982) ("the district court properly rejected the Secretary's argument that the P.R.R.B.'s dismissal of [the provider's] appeal request was not a final determination by the P.R.R.B. permitting [the provider] to invoke § 1395*oo*(f)") (citing *Cleveland Memorial Hospital v. Califano, supra.*)[4]

Here, the district court had jurisdiction because the statutory prerequisites had been satisfied—a "final decision" had been made. However, the district court's scope of review could not extend beyond the Board's conclusion that it lacked jurisdiction; that is, the district court could not

rule on the *merits* of the claim over which the Board declared it lacked jurisdiction, only on whether the Board's jurisdictional decision was correct. Judge Bork, writing for the D.C.Circuit in *Athens Community Hospital v. Schweiker, supra,* faced the same issue presented here and concluded the "court has jurisdiction to review a decision by the PRRB that it lacks jurisdiction to review a determination of the fiscal intermediary". 686 F.2d at 994.

█ We find the Board's determination that it lacked jurisdiction was correct. The claims at issue were *not* initially included in the cost reports, and they were not properly tendered as "amendments" to the cost reports. *See Borgess Medical Center v. Schweiker,* 563 F.Supp. 370 (W.D.Mich. 1982):

> As for plaintiffs' contention that they satisfied the criteria for amendment, the Court finds that the intermediaries' decision was fully in accord with applicable law. Medicare regulations clearly do not allow a return on equity capital for nonprofit providers, so there was no material error which would justify amendment. While plaintiffs clearly *wish* they had made the claim in a timely fashion for the fiscal year 1979 so that they could pursue a challenge to the validity of such provisions, they did not do so here.

563 F.Supp. at 373–74 (emphasis added).

We are appreciative of the detailed analysis of what was then an issue of first impression before the district court and agree with the Seventh and Eleventh Circuits, which subsequently adopted the district court's analysis of the substantive issue presented by this case. *See St. Francis Hospital Center v. Heckler,* 714 F.2d 872 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1274, 79 L.Ed.2d 679 (1984); *Hospital Authority of Floyd County,*

---

**4.** In *John Muir Memorial Hospital v. Califano,* 457 F.Supp. 848 (N.D.Cal.1978), the issue was also the P.R.R.B.'s jurisdiction. The court held the PRRB did not have jurisdiction and that, therefore, no judicial review was available. However, in *John Muir,* § 1395*oo* jurisdiction was *not* available because the provider had

failed to timely file the appeal. Under the statute, a P.R.R.B. refusal to hear a case because it was not timely is *not* a "final decision"—thus the court was left with the untenable option of asserting Title 28 jurisdiction, which it properly declined to do.

*Georgia v. Heckler,* 707 F.2d 456 (11th Cir.1983). However, on review the court is convinced that the district court improperly reached the merits in this case.

Therefore, the judgment is reversed and the case is remanded with directions to enter judgment in favor of the Secretary insofar as the appellants have failed to satisfy the jurisdictional prerequisites for challenging the regulations pertaining to reimbursement for net-invested-equity capital.