**Tennille G. SHEEHAN, Appellee,**

v.

**SECRETARY OF HEALTH, EDUCA-TION & WELFARE, Appellant.**

**No. 78–1217.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1978.

Decided Feb. 23, 1979.

Rehearing Denied March 13, 1979.

Andrew E. Wakshul, Atty., Office of General Counsel, Dept. of H. E. W., Social Security Div., Baltimore, Md. (argued), Ronald S. Reed, Jr., U. S. Atty., Judith M. Strong, Asst. U. S. Atty., Kansas City, Mo., and Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., on brief, for appellant.

Albert Copaken and Sylvia Copaken, Kansas City, Mo., argued and on brief, for appellee.

Before LAY and BRIGHT, Circuit Judges, and HARPER,* District Judge.

LAY, Circuit Judge.

The Secretary of Health, Education and Welfare seeks review of an order of the federal district court awarding disability benefits to Tennille G. Sheehan under the Social Security Act, 42 U.S.C. § 423. The primary issue on appeal relates to the district court's jurisdiction to review the denial of an award by an administrative law judge and the subsequent dismissal of a petition for review by the Secretary under 42 U.S.C. § 405(g).[1]

An administrative law judge denied benefits to the claimant on April 21, 1976. Sheehan appealed the dismissal of his claim to the Appeals Council on June 29, 1976, 69 days after the dismissal by the ALJ. Under the regulations promulgated by the Secretary an appeal must be filed within 60 days, unless the Appeals Council allows an extension of time upon the showing of good cause.[2] 20 C.F.R. §§ 404.946, .954 (1977). In the absence of review by the Appeals Council the decision of the ALJ is deemed final. 20 C.F.R. § 404.940 (1977). Upon request by the Appeals Council, claimant's wife thereafter filed affidavits alleging the late filing resulted from the disability of Sheehan and statements made by a local representative of the Social Security Administration that Sheehan had 90 days in which to appeal. The Appeals Council dismissed Sheehan's claim and refused the extension of time on the ground that good cause had not been sufficiently shown. Sheehan thereafter filed a timely petition for review in the district court.

The Secretary moved the trial court to dismiss Sheehan's complaint on the ground that no "final decision" as required by § 405(g) existed because claimant failed to exhaust his administrative remedies and therefore the trial court lacked subject matter jurisdiction. The trial court denied the motion to dismiss, reasoning that the final decision requirement of § 405(g) was satisfied since, in the absence of review by the Appeals Council, the ALJ's decision was "final" under agency regulations. See 20 C.F.R. § 404.940 (1977). The court further held that failure to exhaust administrative remedies did not preclude judicial review since no evidence indicated claimant intentionally bypassed the administrative appellate-review procedure. The trial court also found jurisdiction existed to review the Appeals Council's determination that Sheehan's failure to timely file an appeal was not justified by "good cause."[3] The Secretary moved the trial court to vacate its finding of jurisdiction in light of the Supreme Court's recent decision in Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The trial court ruled that Sanders was distinguishable and reaffirmed its prior ruling. Having thus decided jurisdiction existed, the trial court reviewed the merits of claimant's disability claim and found the evidence overwhelmingly supported the claim for disability benefits.

---

* Roy W. Harper, Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

1. Section 405(g) provides in part:
   Any individual, after any *final decision* of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added).

2. The request for review was apparently four days late under 20 C.F.R. § 404.946 (1977), since the date of receipt of the ALJ's decision is presumed to be five days after the date of decision.

3. The district court relied upon *Langford v. Flemming*, 276 F.2d 215, 218 (5th Cir. 1960) and *Bohn v. Finch*, 320 F.Supp. 270, 272 (E.D. La.1970).

We reluctantly find that the trial court erred in its assessment of jurisdiction and therefore reverse the trial court's order.[4]

First, we find it clearly established that the district court lacked jurisdiction to review the Appeals Council denial of the extension of time for lack of good cause. Section 405(g) extends subject matter jurisdiction for judicial review only to "final decisions[s] of the Secretary made after a hearing. . . ." 42 U.S.C. § 405(g). A request to extend the time for filing a review petition may be denied without a hearing under 42 U.S.C. § 405(b). Accordingly, this type of decision is not normally subject to judicial review. In *Califano v. Sanders* the Supreme Court held that § 405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." 430 U.S. at 107–08, 97 S.Ct. at 985.

We turn then to the district court's holding that the ALJ's decision may be deemed final and therefore subject to judicial review upon the dismissal of a petition for review by the Appeals Council.

In *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act.[5] *Id.* at 757, 95 S.Ct. 2457. In discussing the jurisdiction conferred by § 405(g) the Court made several observations that are critical to the resolution of the instant appeal. First, the Court noted that a "final decision" of the Secretary is a "jurisdictional prerequisite" for judicial review. Thus, exhaustion "may not be dispensed with mere-ly by a judicial conclusion" that the failure to exhaust was not intentional. *Cf. Weinberger v. Salfi, supra*, 422 U.S. at 766, 95 S.Ct. at 2467. Under the statutory scheme contained in §§ 405(g) and (h), the presence of a final decision is not only essential to determine when judicial intervention is proper but also to determine whether it is possible. Second, the Court stated that the Secretary possesses the authority to "flesh out by regulation" the meaning of the term "final decision." *Id.*, 95 S.Ct. 2467. "The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Id.*, 95 S.Ct. at 2467. Thus, unless Sheehan exhausted the administrative procedures and obtained a final decision, the district court would possess no subject matter jurisdiction.

In *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Court elaborated on its earlier *Salfi* decision and noted that the final decision requirement consists of two elements, "only one of which is purely 'jurisdictional' in the sense that it cannot be 'waived' by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary." *Id.* at 328, 96 S.Ct. at 899. In the instant case, there is no doubt that Sheehan presented his claim for disability benefits to the Secretary. We think it equally clear, however, that Sheehan failed to exhaust his administrative remedies and that the Secretary has not waived the exhaustion requirement.

---

**4.** We recognize the harshness of our ruling. The district court makes clear the overwhelming weight of the evidence supported a disability award for the claimant.

**5.** Section 405(h), 42 U.S.C. § 405(h), makes clear that subsection (g) provides the exclusive jurisdictional basis for judicial review of cases arising under Title II of the Social Security Act. That section provides:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 24 of the Judicial Code of the United States to recover on any claim arising under this title.

See also *Califano v. Sanders, supra*, 430 U.S. at 100–09, 97 S.Ct. 980.

The trial court concluded that jurisdiction was present since, under 20 C.F.R. § 404.940 (1977), the ALJ's decision is "final" if claimant's request for review is dismissed. Section 404.940 reads in part:

The presiding officer's decision, provided for in § 404.939, shall be final and binding upon all parties to the hearing unless it is reviewed by the Appeals Council (see §§ 404.948–404.950) or unless it is revised in accordance with § 404.956, or unless the expedited appeals process is used in accordance with § 404.916a. If a party's request for review of the presiding officer's decision is denied (see § 404.-947) or is dismissed (see § 404.952), such decision shall be final and binding upon all parties to the hearing unless a civil action is filed.

Claimant urges that a "dismissal" as well as a "denial" is a judicially reviewable order under § 404.940. Although it is clear that this regulation sets forth the circumstance under which the ALJ's decision is deemed final, we find nothing in this regulation which vests the district court with jurisdiction to review the Appeals Council dismissal based upon an untimely appeal filed with the Appeals Council.[6]

This view is entirely consistent with the administrative procedures constructed by the Secretary's regulations and Supreme Court decisions interpreting § 405(g) of the Act. Under the Secretary's regulations finality required for judicial review is achieved only after a hearing before an administrative law judge and, ordinarily, consideration by the Appeals Council. See 20 C.F.R. §§ 404.940, .951 (1977). As the Supreme Court observed in *Salfi*:

Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefits of its experience and expertise, and to compile a record which is adequate for judicial review. 422 U.S. at 765, 95 S.Ct. at 2467.

In discussing the exhaustion requirement further the Court stated:

The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration. *While a court may not substitute its conclusion as to futility for the contrary conclusion of the Secretary*, we believe it would be inconsistent with the congressional scheme to bar the Secretary from determining in particular cases that full exhaustion of internal review procedures is not necessary for a decision to be "final" within the language of § 405(g).

*Id.* at 766–67, 95 S.Ct. at 2467 (emphasis added).[7]

Here, although the claim was presented to the Appeals Council, it was presented late. The Secretary's regulations provided the only means for further consideration of Sheehan's claim. The Appeals Council, however, made the discretionary determination that claimant had failed to establish "good cause" which would warrant additional consideration. The Secretary here asserts that it would not have been futile for claimant to have presented a timely claim. If the claimant may obtain review in this situation the Secretary's orderly pro-

---

**6.** A further difficulty in relying on this regulation as authorizing judicial review is that it deals only with the effect of an ALJ's decision. A later section directly addresses what actions are final decisions subject to review and states in part:

(a) *General.* A claimant may obtain a court review of a decision by a presiding officer if the Appeals Council has denied the claimant's request for review or of a decision by the Appeals Council when that is the final decision of the Secretary.

20 C.F.R. § 422.210 (1977).

**7.** In *Salfi* the Secretary did not assert that exhaustion was necessary to make the decision "final" since the matter to be resolved related to the constitutionality of the statutes, which was "a matter . . . beyond [the Secretary's] jurisdiction to determine." 422 U.S. at 765, 95 S.Ct. at 2467. *See also Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975) (Secretary stipulated that exhaustion would have been futile).

cedures for processing disability claims mean little or nothing. If claimant may avoid the timely exhaustion of remedies requirement, any claimant could belatedly appeal his claim at any time and always obtain district court review of an ALJ's decision. *Sanders* makes clear that Congress chose to declare otherwise. As the Supreme Court observed:

> [A]n interpretation that would allow a claimant judicial review simply by filing—and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

*Califano v. Sanders, supra*, 430 U.S. at 108, 97 S.Ct. at 985.

Based on the foregoing we find the trial court was without jurisdiction to review the merits of Sheehan's disability claim. Precluding judicial review in a meritorious claim may appear to be a harsh result. Yet the necessity to maintain orderly review requires compliance with orderly procedures. In the absence of such compliance, the Secretary's regulations provide for discretionary review if a claimant can demonstrate good cause to reopen a claim or to extend time for appeal.[8] These are the only alternatives available to a claimant under the circumstances presented.

Judgment reversed with directions to dismiss the petition for review for lack of jurisdiction.

8. In the present case the Appeals Council stated its reasons for dismissing the request for review as follows:

> The Notice of Decision, which the claimant acknowledges receiving, clearly points out that the request for review must be filed within 60 days of the date of decision. There

is no indication that the claimant was completely incapacitated during the entire 60-day period following April 21, 1976. In addition, the claimant could have contacted any social security office to resolve any questions concerning his right to appeal.