Martin MALONEY, Plaintiff,

v.

Patricia R. HARRIS, Secretary of Health and Human Services, Defendant.

No. CV–80–1001.

United States District Court, E. D. New York.

Oct. 6, 1980.

## MEMORANDUM OF DECISION

COSTANTINO, District Judge.

This is a motion by the defendant to dismiss the complaint for lack of subject matter jurisdiction and for failure of plaintiff to exhaust his administrative remedies.

The plaintiff appeals the decision of the Appeals Council of the Social Security Administration which dismissed plaintiff's claim for failure to file timely a request for review and for failure to show good cause why time to seek review should be extended or why the claim should be reopened.

On September 10, 1979, the Administrative Law Judge ("ALJ") denied the plaintiff's request for disability benefits. The plaintiff thereafter received notice of the decision and also was informed that he had *sixty* days to file a request for review by the Appeals Council. The plaintiff did not file his request for review until February 6, 1980, more than sixty days after he received notice of the ALJ's decision. There apparently being no good cause to extend the time to review the ALJ's decision, the Appeals Council dismissed the plaintiff's request for review in a decision dated March 4, 1980.

Section 405(h), Title 42 United States Code (the Social Security Act or the "Act") makes it clear that the Secretary's decisions are not reviewable except as provided in Section 405(g) of the Act. *Weinberger v. Salfi*, 422 U.S. 749, 757, 95 S.Ct. 2457, 2463, 45 L.Ed.2d 522 (1975). Section 405(g) provides that only "final decision[s] of the Secretary made after a hearing" may be reviewed by this court. The two questions to be addressed therefore are: (1) whether the Appeals Council's dismissal of plaintiff's request for review may be reviewed pursuant to Section 405(g) of the Act, and (2) if this ruling cannot be reviewed, whether the ALJ's final decision can be reviewed in light of the plaintiff's failure to file a request for review with the Appeals Council.

■■ It is clear that in the absence of review by the Appeals Council, the decision of the ALJ is final, 20 C.F.R. § 490.940 (1980). This court, however, pursuant to Section 405(g), is not authorized to review a dismissal order where the Appeals Council in its discretion refused to consider an untimely filed claim. *See Califano v. Sanders*, 430 U.S. 99, 107–08, 97 S.Ct. 980, 985–986, 51 L.Ed.2d 192 (1977); *Sheenan v. Secretary of Health, Education and Welfare*, 593 F.2d 323, 325 (8th Cir. 1979).

■ The next question therefore is whether, in a case where the ALJ's ruling is deemed final because of the plaintiff's failure to file timely for a review by the Appeals Council, this court is empowered to review the ALJ's decision. Before this court can consider a ruling of the Secretary, the claimant must exhaust his administrative remedies, which in this case the defendant has failed to do. Without exhausting these remedies, this court is without jurisdiction to reconsider the ALJ's determination. *Weinberger v. Salfi, supra.* Moreover, it is clear that this is the only method by which the administrative agencies could function, otherwise the claimant would be allowed to side-step the filing requirements of the Secretary and still appeal an adverse ruling to the District Court. Such a result will not be permitted by this court. The claimant's request for review is therefore denied as this court has no jurisdiction to review either the Appeals Council's dismissal order for failure to file timely, or the final decision of the ALJ. *See Sheenan v. Secretary of Health, Education and Welfare, supra.*

So Ordered.