**Dan J. COFFEY, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.**

No. 82–1498.

United States District Court, D. Kansas.

April 5, 1983.

David H.M. Gray, Wichita, Kan., for plaintiff.

Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

KELLY, District Judge.

This matter involves the judicial review of a decision by the Secretary of Health and Human Services adverse to the claimant. Currently pending before the Court are a motion by the claimant for summary judgment or in the alternative to remand the case to the Secretary for further consideration, and a motion by the Secretary to dismiss for want of jurisdiction. Both sides have briefed their respective positions, and this Court heard counsels' oral arguments on February 28, 1983. The case at bar presents a perplexing situation, for although it appears claimant's application for Social Security benefits is meritorious, this Court lacks the authority to reach the merits of claimant's case. The Court must regrettably conclude jurisdiction is lacking.

Claimant turned 65 in February 1981, and was awarded retirement benefits effective January 1981. However, by letter dated April 1, 1981, the Secretary notified claimant that no further benefits would be paid, because in the Secretary's opinion the claimant was still working and being paid for his work in an amount in excess of the maximum allowed. Before reaching retirement age, claimant operated a food brokerage business in Wichita, Kansas, and before reaching age 65 he sold all of the corporate stock in his business to a son who had worked with him for a number of years.

Claimant retained a consulting contract, and his former corporation also paid him regularly for a covenant not to compete contained in the sales contract of the business. In addition, he owned the building housing the brokerage business as well as another business tenant. His old corporation paid him a monthly rent for its portion of the building. The Social Security Administration determined the above transactions were a sham and that claimant was still in actual control of the business. Consequently, the Social Security Administration considered the income from the covenant not to compete as "earned income," and that the portion of the rent paid by the corporation was excessive and should also be considered "earned income."

Claimant requested a reconsideration of this initial adverse decision. However, on December 8, 1981, the Secretary affirmed the original decision after reconsideration. At this point claimant had 60 days from September 8, 1981, to request a hearing before an Administrative Law Judge (ALJ). Both claimant and his attorney received notice of the September 8 decision and the necessity of requesting a hearing before an ALJ within 60 days. However, it is admitted that claimant's attorney took no action within this period. This oversight was noticed eventually and on January 4, 1982, with new counsel, claimant requested a hearing before an ALJ. His new attorney's letter requesting the hearing explained the cause for the untimely request. Unfortunately, in a written determination dated February 20, 1982, the ALJ decided the oversight by claimant's first attorney did not provide "good cause" for extending the 60-day period.

This Court's jurisdiction to review Social Security Administration decisions is limited to the review of "final decisions" only. 42 U.S.C. § 405(g) provides:

Any individual, after any *final decision* of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within 60 days after the mail-

ing to him of notice of such decision or within such further time as the Secretary may allow.

(Emphasis supplied). At the time of oral argument in this case, this Court's initial inclination was that the "good cause" decision by the ALJ on February 20, 1982, was the type of "final decision" contemplated by the above statute. However, the Court's research has reluctantly convinced the Court that the ALJ's decision on February 20, 1982, was not on the merits and thus not a "final decision" which can be reviewed here in the absence of further exhaustion of administrative remedies. The Court recognizes, regrettably, that once the 60-day time period for requesting a hearing before the ALJ was past, the claimant's ability to fully exhaust his administrative remedies was lost, making judicial review here impossible.

The most important precedent regarding this jurisdictional issue is *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Here the claimant sought judicial review of the Social Security Administration's refusal to reopen a disability case long after the time for seeking administrative review of the initial denial had expired. The Supreme Court held that 42 U.S.C. § 405(g) limited the judicial review of Social Security Administration decisions to only a "final decision of the Secretary made after hearing." 430 U.S. at 108, 97 S.Ct. at 986, 51 L.Ed.2d at 201. The Supreme Court reasoned that since the Social Security Act did not require the Secretary to have a hearing before deciding whether to reopen a prior final decision, 42 U.S.C. § 405(b), such a decision was not the type of "final decision of the Secretary made after hearing" which could be the subject of judicial review. Similarly, in the case at bar, the Secretary's consideration of whether "good cause" exists for extending the time for requesting a hearing before an ALJ, 20 C.F.R. § 404.933(c), is not mandated by the Social Security Act, and therefore the Secretary's judgment is discretionary. Since the Social Security Administration was not required to grant plaintiff a hearing before an Administrative Law Judge due to the untimely request, and the Secretary's deci-

sion not to extend the time for requesting a hearing is discretionary, no "final decision after a hearing" exists on which this Court can base jurisdiction.

The most recent decision we have located on this issue is *Penner v. Schweiker,* 701 F.2d 256 (3rd Cir.1983). Here claimant's initial disability claim was denied, and this decision was affirmed upon reconsideration. Although claimant received a copy of the Secretary's reconsideration determination, his attorney did not, and consequently the 60-day period in which the claimant had to seek review by the Appeals Council expired before claimant or his counsel took further action. Although the Third Circuit ultimately found jurisdiction based on a constitutional question, which we shall discuss further below, it held the District Court had no jurisdiction based on 42 U.S.C. § 405(g), because the claimant's request for hearing was untimely filed. The Secretary's decision that "good cause" did not exist for extending time was not judicially reviewable.

Another pertinent case is *Watters v. Harris,* 656 F.2d 234 (7th Cir.1980). Here, a claimant was denied benefits initially and again upon reconsideration. After the second adverse decision, she took no further action until long after the time period for requesting a hearing before an ALJ had expired. When she eventually requested an extension of the period for requesting such a hearing, the ALJ found she had not shown "good cause" to extend the deadline. The Appeals Council then denied her request for review of the ALJ's decision. The Seventh Circuit agreed with the trial court's determination that it lacked jurisdiction to review the Secretary's decision to not grant an extension of time in which to request a hearing. In discussing *Califano v. Sanders* and the applicable statutes, the Seventh Circuit stated:

Section 405(g) clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.' As is true of a petition to reopen a prior decision, a request for an extension of time within

which to request a hearing may be denied without a hearing. 42 U.S.C. § 405(b). Section 405(b) requires that the Administration hold a hearing in only one instance—where an adverse *ex parte* determination on a claim for benefits has been made and timely request for a hearing on that claim has been filed. The opportunity to request an extension of time for complying with administrative filing deadlines and any hearing conducted to determine the propriety of such action are afforded by regulations of the Secretary and not compelled by statute. [Footnote omitted].

*Id.,* 656 F.2d at 239. The Seventh Circuit went on to recognize the congressional policy behind limiting judicial review to only certain types of agency decisions, which is to avoid belated litigation of stale eligibility claims. *See Califano v. Sanders,* 430 U.S. at 109, 97 S.Ct. at 986, 51 L.Ed.2d at 201.

Another similar case is *Sheehan v. Secretary of Health, Education & Welfare,* 593 F.2d 323 (8th Cir.1979). Here a claimant was denied benefits on the merits following a hearing before an Administrative Law Judge. Claimant then filed an untimely appeal of the ALJ's decision with the Appeals Council. The Appeals Council denied review since it found "good cause" did not exist to grant an extension of the time for appealing the ALJ's decision. The Eighth Circuit reversed the trial court's decision that a "final decision" existed, and that it had jurisdiction. The Eighth Circuit noted that although the Secretary can waive the jurisdictional requirement of exhausting administrative remedies by timely requesting the appropriate hearings, the Secretary in this case had not waived the exhaustion requirement. The Court noted that: "Under the Secretary's regulations finality required for judicial review is achieved only after hearing before an Administrative Law Judge and, ordinarily, consideration by the Appeals Council. *See* 20 C.F.R. §§ 404.940, 951 (1977)." *Id.,* 593 F.2d at 326. Since the Secretary's decision regarding whether "good cause" existed for extending the time for requesting a hearing was discretionary, it was not judicially re-

viewable. The Eighth Circuit concluded its opinion by noting that:

> Precluding judicial review in a meritorious claim may appear to be a harsh result. Yet the necessity to maintain orderly review requires compliance with orderly procedures. In the absence of such compliance, the Secretary's regulations provide for discretionary review if the claimant can demonstrate good cause to reopen a claim or to extend time for appeal. These are the only alternatives available to a claimant under the circumstances presented. [Footnote omitted].

*Id.,* at 327. *See also, Neighbors v. Secretary of Health, Education & Welfare,* 511 F.2d 80 (10th Cir.1974).

Plaintiff's assertion that jurisdiction in this case may also be based on 42 U.S.C. § 1383 and 5 U.S.C. § 706 is without merit, since the only statutory basis for reviewing a decision by the Secretary emanates from 42 U.S.C. § 405(g). *Califano v. Sanders, supra.*

The only possible jurisdictional base for plaintiff's suit is a constitutional issue. Constitutional claims can only be raised at the district court level because the Social Security Administration can only consider administrative law issues. *Weinberger v. Salfi,* 422 U.S. 749, 765, 95 S.Ct. 2457, 2466–67, 45 L.Ed.2d 522 (1975). Claimant here impliedly raises a due process issue because he argues the ALJ erred by refusing to allow him a hearing on the "good cause" issue. After claimant's new attorney discovered the time period had elapsed, he sent a letter requesting a hearing. The Social Security Office responded a few days later, on January 12, 1982, by sending a request for hearing form to the claimant with the following notation:

> Please return the attached request for Hearing and any additional evidence you wish to submit within 10 days from this date (1/12/82).

Exhibit 19. Claimant contends this notation should be interpreted as an extension of time by the Secretary and thus a waiver of the 60-day filing requirement. However,

this Court can only interpret the above note as a statement that the claimant *could* request a hearing, and not that any type of hearing would be granted. Consequently, we cannot find a colorable constitutional issue on which to base jurisdiction.

In conclusion, we must unwillingly find this Court lacks jurisdiction to review the Administrative Law Judge's decision that plaintiff lacked "good cause" for having the time for requesting a hearing extended. This Court is dismayed, first of all, because plaintiff's claim for retirement benefits on the merits appears deserving. Secondly, the Court believes the ALJ's decision is appalling, because it indicates a lack of independence from the Secretary and an unfeeling application of the law. Here the claimant was clearly not guilty of negligence and was acting in good faith. Furthermore, the oversight was noticed soon after the 60-day time period elapsed, and then plaintiff's new attorney promptly picked up the dropped ball. Consequently, plaintiff's claim never became stale, and so no prejudice to the Social Security Administration would have occurred had the time requirement been extended. These unusual circumstances surely meet the requirements of 20 C.F.R. § 404.911(a) and (b)(9). Had a similar situation been presented to the Court in the form of a F.R.Civ.P. 55(c) motion to set aside a default judgment, we would have had little trouble finding "good cause" existed.

IT IS ACCORDINGLY ORDERED that defendant's motion to dismiss be granted, and plaintiff's motion for summary judgment be denied.