**Pauline SULLIVAN**

v.

**Margaret M. HECKLER, Sec'y, Dept. of Health & Human Services.**

**Civ. A. No. N 84–3621.**

United States District Court, D. Maryland.

Feb. 15, 1985.

Timothy J. Paulus and Gary Jacobs of the Legal Aid Bureau, Inc., Silver Spring, Md., for plaintiff.

Larry D. Adams, Asst. U.S. Atty., and J. Frederick Motz, U.S. Atty., D. Md., Baltimore, Md., for defendant.

NORTHROP, Senior District Judge.

Plaintiff, a Social Security disability claimant, brings this action under 42 U.S.C. § 405(g), seeking review of the denial of

her disability benefits by the Secretary of Health and Human Services (the "Secretary").

The Secretary has moved to dismiss the complaint, arguing that since there has been no "final decision" on the merits of the disability claim, this Court is entirely without jurisdiction to review the matter. (Paper # 5). The plaintiff has filed a memorandum in opposition to the Secretary's motion to dismiss. (Paper # 6). No hearing is necessary. Local Rule 6(E). For the reasons set forth hereinbelow, the Court concludes that there is no reviewable "final decision" on the merits of plaintiff's claim within the meaning of the Social Security Act, 42 U.S.C. §§ 401-33 (1976 & Supp. 1981) (hereinafter sometimes referred to as the "Act"). Notwithstanding this conclusion, the Court holds that it does have limited jurisdiction to remand this case for either a reversal or a *de novo* determination of whether plaintiff's request for Appeals Council review was timely. A brief statement of the procedural history of this case is essential to put the within rulings in context.

## I.

Plaintiff began her quest for Social Security benefits on December 2, 1983. In a decision dated April 17, 1984, the Administrative Law Judge ("ALJ") affirmed the denial of plaintiff's claims for benefits. Under the applicable regulation, 20 C.F.R. § 404.968, plaintiff had 60 days from receipt of the ALJ's decision to request review by the Appeals Council. Receipt of the decision is presumed to be within five days of mailing[1]; thus, plaintiff had until June 21, 1984 to file a timely request for review.

1. 20 C.F.R. § 404.901.

2. Rather than an attorney, the person who actually mailed the letter and submitted the affidavit was a legal assistant with the Legal Aid Bureau. Because it appears the legal assistant was acting under the direction and supervision of plaintiff's attorney of record, the Court will attribute her acts to that of the attorney.

Through affidavit, plaintiff's attorney[2] claims the request for Appeals Council review was mailed on June 15, 1984 even though it was postmarked June 23, 1984. The letter was physically received by the Appeals Council on June 26, 1984. The affidavit also states, in part, the following:

4. I was aware of the deadline for requesting review of the Administrative Law Judge's decision in this case, so I took care to get this request mailed within the deadline.

5. I used our office's postage meter to put the first class postage on the envelope, which reflected the date of June 15, 1984.[3]

6. I personally carried and deposited this letter in a mailbox on June 15, 1984 prior to the last scheduled pick-up of the mail from that mailbox.

Without communicating with counsel concerning the eight-day discrepancy between the June 15, 1984 date of the letter and the June 23, 1984 postmark, the Appeals Council dismissed plaintiff's request for review on the ground that it was untimely and held "there is no good cause to extend the time for filing ..." This civil action was timely instituted on September 28, 1984.

## II.

Subsumed within the Social Security Act is a comprehensive plan for administrative and judicial review of claims for disability benefits. Pursuant to 42 U.S.C. § 405(a), the Secretary has promulgated regulations to effectuate this plan. *See* 20 C.F.R. § 404.900-404.983. Regulation 20 C.F.R. § 404.968, at issue here, requires that a written request for review be filed "[w]ithin 60 days after the date [the claimant] receive[s] notice of the hearing decision or

3. A copy of the envelope is attached to the Secretary's motion to dismiss. Unfortunately, because of the copy quality, the Court cannot determine the date of postage. In any event, the date of the office postage meter is not determinative of the issues raised herein.

dismissal." As noted previously, an additional five days is added to compensate for mailing time, 20 C.F.R. § 404.901, and thus the claimant actually has 65 days from the date of the ALJ's decision to file a request for review. The Appeals Council has authority to dismiss an untimely request for review. 20 C.F.R. §§ 404.900(b); 404.971. It may also extend the time for filing if "good cause" is shown. 20 C.F.R. § 404.-968(b).

Section 205(h) of the Social Security Act, 42 U.S.C. § 405(h), makes it clear that the Secretary's decisions are not reviewable except as provided in Section 205(g), 42 U.S.C. § 405(g). *Weinberger v. Salfi,* 422 U.S. 749, 756–758, 95 S.Ct. 2457, 2462–2463, 45 L.Ed.2d 522 (1975). Section 405(g) provides that only "final decisions of the Secretary" may be reviewed by the district court. The Secretary argues that the Appeals Council's decision not to review an untimely appeal is not a "final decision" within the meaning of the Act because the plaintiff failed to exhaust her administrative remedies and, therefore, this Court lacks subject-matter jurisdiction.

To this Court's knowledge, the Fourth Circuit has not passed on the precise issue of whether the Appeals Council's refusal to consider an untimely request for review constitutes a "final decision by the Secretary." *Cf. Holloway v. Schweiker,* 724 F.2d 1102 (4th Cir.1984) (the district court lacks subject-matter jurisdiction to review a decision not to *reopen* a benefits claim). A majority of courts that have considered the issue have concluded that such a dismissal is not reviewable by the district court. *See Deitsch v. Schweiker,*

700 F.2d 865, 867 (2d Cir.1983); *Watters v. Harris,* 656 F.2d 234, 238–40 (7th Cir.1980); *Sheehan v. Secretary, Health, Educ. and Welfare,* 593 F.2d 323, 326 (8th Cir.1979); *Maloney v. Harris,* 526 F.Supp. 621, 622 (E.D.N.Y.1980), *aff'd,* 657 F.2d 264 (2d Cir. 1981); *Cf. Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *but see Bloodsworth v. Heckler,* 703 F.2d 1233, 1236–1239 (11th Cir.1983).[4] After careful consideration of the applicable Social Security Act provisions, the relevant regulations and the cited case law, this Court concludes that it does not have subject-matter jurisdiction to review the merits of plaintiff's disability claim. This ruling does not, however, dispose of this case.

In *Bellantoni v. Schweiker,* 566 F.Supp. 313 (E.D.N.Y.1983), Judge Glasser was faced with a virtually identical factual pattern. After analysis, he too concluded that an untimely request for Appeals Council review was not a "final decision" on the issue of the claimant's liability. *Id.,* at 315. Nonetheless, Judge Glasser found that there was "a final decision of the Secretary on the question of whether the plaintiff's request for Appeals Council review was timely." *Id.,* at 315. In *Bellantoni,* the plaintiff indicated she had not received a copy of the ALJ's decision until after she made an inquiry. Mrs. Bellantoni, like the plaintiff in the instant case, noted her appeal two days late. The *Bellantoni* court remanded the case to the Appeals Council to determine whether "good cause" existed for missing the filing deadline. *Id.,* at 316. This Court finds the reasoning of *Bellantoni v. Schweiker, supra,* persuasive and equitable.[5]

---

4. *Bloodsworth v. Heckler,* 703 F.2d 1233 (11th Cir.1983), adopts an attractive although not compelling line of reasoning in finding jurisdiction to review an Appeals Council denial of a request to review for reason of untimeliness. That court draws a technical distinction between review and reopening of a case. This Court will not follow the *Bloodsworth* reasoning because it is against the weight of authority and because a decision not to review an untimely appeal to the Appeals Council is a discretionary one. Moreover, adoption of the *Bloodsworth* position would frustrate the legislative interest in the finality of administrative decisions con-

trary to the Supreme Court's holding in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

5. Finally, the Court notes that even if jurisdiction under § 405(g) of the Act were unavailable here, mandamus jurisdiction under 28 U.S.C. § 1361 would be available to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits. *See Dietsch v. Schweiker,* 700 F.2d 865, 868 (2d Cir.1983); *Bellantoni v. Schweiker,* 566 F.Supp. 313, 316 n. 4 (E.D.N.Y.1983); *Soberal-Perez v. Schweiker,* 549 F.Supp. 1164 (E.D.N.Y.1982) (and cases cit-

Turning to the facts of this case, there is nothing in the record to indicate whether the Appeals Council was aware of plaintiff's assertions that her notice of appeal was actually mailed on June 15, 1984. In this connection, the Court notes that some courts have construed "mailing of notice" to be the equivalent of "filing of notice." *Dietsch v. Schweiker,* 700 F.2d 865, 868 (2d Cir.1983); *Monferrato v. Schweiker,* 700 F.2d 869, 870 (2d Cir.1983) (companion case). Under this construction, assuming the veracity of the submitted affidavit, the appeal was in fact timely filed.

Furthermore, even assuming the June 23, 1984 postmark date (two days beyond the June 21, 1984 appeal deadline) was the determinative date considered by the Appeals Council, it would appear to this Court that "good cause" exists for extending the filing deadline. Regulation 20 C.F.R. § 404.911(b)(9) gives one of several concrete examples where "good cause" for missing a filing deadline can exist:

> *Unusual or unavoidable circumstances* exist which show that you could not have known of the need to file timely, or *which prevented you from filing timely.* (emphasis added).

Surely an eight-day delay between physically mailing a letter and the same being postmarked could reasonably be construed as an unusual circumstance which prevented plaintiff from timely filing her notice of appeal.

Because it is not clear that the Secretary had the opportunity to review the peculiar factual circumstances surrounding plaintiff's appeal, and in deference to the Secretary's primary fact finding role, this matter will be remanded to the agency for a redetermination of the timeliness of the claimant's request for Appeals Council review. The Secretary may either accept this Court's analysis that the appeal was timely filed or that "good cause" exists for extending the deadline, or it may offer the plaintiff an opportunity for a hearing in order to make its own determination of credibility and timeliness.

ed therein); *Caswell v. Califano,* 435 F.Supp.

A separate Order confirming the within ruling will be entered.