**Marvin JONES, Plaintiff,**

v.

**Margaret HECKLER, Defendant.**

**No. 84 C 9433.**

United States District Court, N.D. Illinois, E.D.

May 20, 1985.

Mark A. Moynihan, Thomas C. Boyd and Jeffrey D. Schultz, Ltd., Chicago, Ill., for plaintiff.

Gail C. Ginsburg, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

GETZENDANNER, District Judge:

Plaintiff Marvin Jones brings this action for review of the decision of the Secretary of Health and Human Services ("Secretary") to deny his application for benefits under Title II and Title XVI of the Social Security Act. Jurisdiction for review of both denials is predicated on § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (governs claims under Title II). *See* Social Security Act § 1631(c)(3), 42 U.S.C. § 1383(c)(3) (governs claims under Title XVI; incorporates § 205(g), 42 U.S.C. § 405(g) into actions under Title XVI). The action is before the court on the Secretary's motion to dismiss for lack of subject matter jurisdiction and for failure to state

a claim upon which relief can be granted. For the reasons stated below, the motion is granted. Fed.R.Civ.P. 12(b)(6).

### Factual History

Jones applied for benefits under both titles on February 9, 1982 and pursued his administrative remedies through a hearing before an Administrative Law Judge ("ALJ"). The ALJ issued an opinion on December 15, 1983 granting in part and denying in part Jones's application. On February 23, 1984, Jones filed a request for review by the Appeals Council, admittedly 65 days after receipt of the December 15 opinion. On July 12, 1984, the Appeals Council sent a letter to Jones indicating that the appeal would be dismissed as untimely if he did not articulate "good cause" for the failure to file a timely petition. *See* 20 C.F.R. 404.911, 416.1411. Jones mailed an explanatory letter on July 17, 1983 and, after determining that the Council had not received it, mailed another such letter on August 21, 1983.

On September 6, 1984, the Appeals Council dismissed Jones's appeal as untimely filed, noting that Jones had not responded to the Council's request for a showing of good cause. This action was then filed on October 30, 1984. On January 21, 1985, a member of the Appeals Council, Andrew E. Wakshul, mailed a letter to the lawyer then representing Jones, indicating that additional material had become "associated" with Jones's file, specifically, the two letters attempting to explain the delay in filing the appeal. In the January 21 letter, Wakshul explained that the Council carefully considered and rejected the arguments presented in those letters. (Jones had argued that a January 24, 1984 letter to him confused him concerning the time in which to appeal. Wakshul noted that that letter could not have confused Jones or tolled his appeal period, since it specifically referred to a previous letter and previous instructions regarding appeal.) The letter concluded that based on a review of Jones's arguments, the Council found no good cause for vacation of the dismissal and thus the December 15, 1983 decision by the ALJ was final.

### Reviewability

■ Jones alleges that the ALJ's December 15, 1983 opinion is a final decision reviewable by this court under § 205(g). Jones urges reversal of that decision as without basis in law or substantial support in the record. The Secretary contends that the merits of the ALJ's opinion cannot be reviewed in this court because of Jones's procedural default.

Section § 205(g) provides, in pertinent part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

It is clear that § 205(g) provides the exclusive route for review of the Secretary's fact or law decisions under Titles II and XVI. *See* Social Security Act § 205(h), 42 U.S.C. § 405(h); *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (United States immune to suit absent consent; terms of consent define court's jurisdictional boundaries).

■ The Secretary continues, explaining that § 205(g) provides for consent to suit only after a "final decision" by the Secretary. The Secretary correctly notes that a final decision is one rendered after the claimant has exhausted all administrative remedies available under the Social Security Act. *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 2023, 80 L.Ed.2d 622 (1984). Those regulations allow for appeal of an ALJ's decision if (1) filed within sixty days of receipt by the claimant of the notice of decision, 20 C.F.R. 404.968(a), 416.-1468(a), or (2) "good cause" is shown for failure to file within the sixty-day period, 20 C.F.R. 404.968(b), 416.1468(b). In the above circumstances, the Appeals Council may deny review or render a decision on the merits. However, an untimely petition,

for which no good cause is shown, must be dismissed as untimely.

The Secretary argues that review is limited only to those who have obtained review by the Appeals Council through a timely appeal or an untimely appeal excused because of good cause. However, in the case of procedural default for which no good cause is shown, judicial review is unavailable. Failure properly to follow administrative remedies, in other words, closes the door to judicial review entirely. Jones, on the other hand, argues a version of exhaustion similar to that employed by the federal courts in habeas corpus cases, namely, that the petitioner need only demonstrate that no further administrative remedies are available and not that he or she properly followed all available administrative procedures. Under this analysis, § 205(g)'s sixty-day period would start to run upon dismissal of the untimely appeal to the Appeals Council.

■ It is clear that the decision by the Appeals Council to dismiss an untimely request for review itself is not reviewable under § 205(g). *Watters v. Harris,* 656 F.2d 234, 238–240 (7th Cir.1980); *Sheehan v. Secretary,* 593 F.2d 323, 325 (8th Cir. 1979); *Dietsch v. Schweiker,* 700 F.2d 865, 867 (2d Cir.1983). This is because a decision to deny review of an untimely appeal may be rendered without a hearing, and hence is not a "final decision ... made after a hearing." *Watters,* 656 F.2d 239; *see* Social Security Act § 205(b), 42 U.S.C. § 405(b); *cf. Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (denial of motion to reopen previously adjudicated claim not reviewable because may be accomplished without a hearing).

Regarding review of the merits of the ALJ's decision, courts have found that proper exhaustion of administrative remedies, and not exhaustion accomplished only through procedural default, is an element of a reviewable "final decision." Such exhaustion is jurisdictional, since it is a requirement of consent to suit under § 205(g). *See Sheehan,* 593 F.2d at 325 (untimely appeal to Appeals Council after

ALJ's decision prevents judicial review under § 205(g) ); *Dietsch,* 700 F.2d at 867 (same); *Maloney v. Harris,* 526 F.Supp. 621, 622 (E.D.N.Y.1980) (same), *aff'd,* 657 F.2d 264 (2d Cir.1981); *see Mathews v. Eldridge,* 424 U.S. 319, 327–30, 96 S.Ct. 893, 899–900, 47 L.Ed.2d 18 (1976); *Weinberger v. Salfi,* 422 U.S. 749, 757, 95 S.Ct. 2457, 2462, 45 L.Ed.2d 522 (1975).

Jones correctly notes that full exhaustion of his Appeals Council remedy is not jurisdictional in the sense that it cannot be waived. Rather, judicial review is predicated on a non-waivable element—that a claim for benefits be presented to the Secretary—and a waivable element—that the established administrative remedies be exhausted. *Heckler v. Ringer,* 104 S.Ct. at 2023; *Mathews,* 424 U.S. at 328, 96 S.Ct. at 899; *Watters,* 656 F.2d at 241. The parties do not dispute that Jones has presented his application to the Secretary, and thus fulfilled the non-waivable jurisdictional prerequisite. Thus, the issue before the court is whether his failure to exhaust waivable administrative procedures has been waived by the Secretary or may be waived by the court.

■ It is clear that the Secretary has not waived Jones's failure to exhaust, since his appeal was dismissed as untimely and the Secretary disputes jurisdiction here. The court must determine, then, whether it may waive exhaustion in this case. Such waiver has been allowed in cases presenting colorable constitutional claims on issues collateral to the denial of benefits. *See Jensen v. Schweiker,* 709 F.2d 1227, 1229 (8th Cir.1983) (challenge to administrative regulation); *Dietsch,* 700 F.2d at 867 (challenge to Appeals Council's decision to dismiss appeal as untimely). The Supreme Court has recognized exceptions to the waivable exhaustion requirements for "wholly collateral" issues that do not necessarily raise constitutional claims. *Heckler v. Ringer,* 104 S.Ct. at 2023. *See Mental Health Association of Minnesota,* 720 F.2d 965, 969 (8th Cir.1983) (challenge to administrative regulation). Another case explicitly rested waiver on the special con-

siderations present in an action for class-wide relief, even where the issues presented were not "wholly collateral" to the merits of the individual claims. *Polaski v. Heckler,* 751 F.2d 943, 952–53 (8th Cir. 1984).

Jones would be correct if he argued that several of the exhaustion cases are distinguishable from his case. For example, *Mental Health* and *Jensen* involved claimants who were in the middle of their administrative procedures and sought to avoid further exhaustion. A decision against assertion of federal jurisdiction would simply defer judicial review and did not foreclose it entirely. Such deferral accomplishes goals, frequently articulated by the Supreme Court, to avoid interference in agency processes and to allow the agency to compile a record for judicial review. *E.g., Weinberger v. Salfi,* 422 U.S. at 765, 95 S.Ct. at 2466; *Heckler v. Ringer,* 104 S.Ct. at 2024 n. 12. Other decisions, such as the *Watters* Court's denial of review of the merits of a claim that was never presented to an ALJ, may be viewed as cases falling outside the explicit statutory language, since the claimant did not obtain a decision "after a hearing." In this case, Jones did have a hearing.

The *Sheehan* and *Dietsch* cases, however, are exactly on point. It is clear that where administrative remedies are unavailable, exhaustion does not simply defer judicial review and does not accomplish the goals described above. Yet, exhaustion as prescribed by the *Sheehan* and *Dietsch* cases is directed to achieving other goals, namely, avoidance of claimants' bypassing administrative remedies and belatedly reopening final decisions. *E.g., Sheehan,* 593 F.2d at 326–27. Were exhaustion to be waived as a matter of course, claimants could at any time file a late appeal, and upon dismissal resort to the federal courts. Such a perpetual judicial remedy was found by the Supreme Court to frustrate the congressional intent behind § 205(g). *Califano v. Sanders,* 430 U.S. at 108, 97 S.Ct. at 985. Hence, it makes sense to require a claimant in Jones's position to demonstrate how he satisfies one of the recognized exceptions to the waivable exhaustion requirements.

Employing the broadest justification for waiver accepted by the courts, no such justification is offered here. Jones has no collateral issue to present to the court, nor does he assert any colorable constitutional claims. In addition, there is no basis for exercise of mandamus jurisdiction. 28 U.S.C. § 1361; *see Dietsch,* 700 F.2d at 868. Because failure properly to follow administrative procedures is a prerequisite to suit under § 205(g), review is not available in this court. The court finds that this decision is not a matter of subject matter jurisdiction, which may not be waived. Rather, dismissal is predicated on failure to state a claim upon which relief may be granted. Hence, the court's grant of the motion to dismiss is accomplished under Fed.R.Civ.P. 12(b)(6).

### Conclusion

The Secretary's motion to dismiss is granted. Fed.R.Civ.P. 12(b)(6). The status hearing presently scheduled for May 20, 1985 is cancelled.

It is so ordered.